COGSWELL (UNITED STATES v.). See Case No. 14,825.

COGSWELL (WRIGHT v.). See Case No. 18,074.

## Case No. 2,959a.

### COHAN v. The ROLLING WAVE.

[23 Betts, D. C. MS. 121.]

District Court, S. D. New York. Dec. Term, 1857.

PLEADING AND PROOF IN ADMIRALTY.

[1. Admiralty will not entertain defenses inadequately pleaded and set up for the first time by formal objection at the trial.]

[2. An assignee of a claim may sue therefor in admiralty in his own name.]

[3. A vessel coming from sea into an American port and receiving repairs there will be presumed to be liable under the general maritime law, until the contrary is shown.]

[In admiralty. Libel by Daniel Cohan against the brig Rolling Wave to recover for labor and materials furnished in repairing the brig.]

BETTS, District Judge. The libellant is assignee of a mechanic who supplied labor and materials in this port to a sea-going vessel undergoing repairs by a ship-wright. The assignor who was a blacksmith was employed by the ship-wright, but the claimant who was the owner of the vessel knew of his employment and approved of it, and also paid a portion of the bill and tended a further sum which he claimed to be a full compen-

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[2] [From 6 Int. Rev. Rec. 85.]

sation of the balance. It did not however cover the amount proved to be due. The defence is two fold, that the case does not come within the cognizance of the court, the debt not being created in favor of the libellants, and there being no proof that the ship repaired is not a domestic vessel. These objections are formal in their character. Neither is tenable in principle, nor are they raised by proper defensive exceptions in the pleadings. They are first brought forward at the hearing, and it is against the doctrines of the court to heed objections of that character first raised on the trial of the cause. Furniss v. The Magoun [Case No. 5,163]. It is matter of defence under special exception only, that the lien claimed, or right set up in the action exists by means of state law alone. The Active [Id. 34]. And in admiralty courts a suit is rightly instituted in the name of the party who has the actual interest in the subject matter. Fretz v. Bull, 12 How. [53 U. S.] 468. The alleged tender, if fully proved, was inadequate to the satisfaction of the debt, and accordingly constitutes no defence. But I apprehend it is a mistake to suppose that every sea-going vessel receiving repairs or supplies in an American port, on coming in from sea, is to be deemed in law a domestic vessel, unless the contrary is proved. She arrives subject to the marine law, and that dominion will be presumed to adhere to her unless displaced by proof of her exemption from it, in regard to liabilities of a maritime character. The privilege must be established by the party who sets it up in his own behalf. Decree for libellant, with reference to compute amount.